UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **RAYNELL BRIGHT** | **CIVIL ACTION NO. 07-743** |
| VS. | SECTION P |
| **GEO GROUP, INC., ET AL** | **JUDGE MINALDI** |
| | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is *pro se* petitioner Raynell Bright's civil rights suit (42 U.S.C. § 1983) filed *in forma pauperis* on April 23, 2007. Bright is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), and is incarcerated at the Allen Correctional Center (ACC), Kinder, Louisiana. He names as defendants GEO Group, Inc.; Allen Correctional Center; ACC Warden Terry Terrell; ACC programs manager Jennifer Allemand; ACC case managers Tarasa Blocker and Lavenya Wade; LDOC; and LDOC Secretary Richard Stalder. He asks for injunctive relief and compensatory damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff's claims center around his allegation that he has been denied the opportunity to be considered for placement in a work release program. He also complains about the loss of 15 days of good time credit. In regard to the work release program, plaintiff contends that he is being denied consideration because of the defendants' misinterpretation/application of Louisiana Revised Statute 15:1111 (work release programs) and DOC Regulation No. B-02-001 (inmate

classification, sentencing and service functions). Along with his complaint, plaintiff filed several ARP's, Inmate Request Forms, and responses thereto detailing his contentions (and the prison's replies) about the application or non-application of these provisions to his situation. [Doc. 1-3].

Likewise, plaintiff attached several documents detailing the events surrounding the loss of the 15 days of good time credit. Based on two disciplinary reports [Doc. 1-4, p. 15, Doc. 1-5, pgs. 1-4] attached to plaintiff's complaint, it appears that on April 10, 2007, he went to case manager Wade's office to discuss his request for placement on a work release center waiting list. When told that he was not eligible, he reportedly got angry and raised his voice to defendant Wade. He then slammed the door when he exited the office. Plaintiff was cited with a violation of disciplinary rule 5, aggravated disobedience. [Doc. 1-5, pgs. 1 & 2]. According to a second disciplinary report [Doc. 1-5, pgs. 3 & 4], plaintiff then spoke to Sgt. Hall about the incident with defendant Wade. The report noted that plaintiff was very upset and was talking about defendant Wade in an aggressive manner. Due to this behavior, plaintiff was cited with a violation of disciplinary rule 3, Defiance.

As a result of the above, plaintiff seeks: the establishment of a system of review for inmates' records to determine work release eligibility, and for the notification of inmates of same; the clarification of DOC Regulation No. B-02-001(H); a geographical transfer; replacement of the lost 15 days of good time credit; and damages for mental anguish, and pain and suffering. [Doc. 1-1, p. 4].

## LAW AND ANALYSIS

At the onset, this court is called upon to determine whether to treat plaintiff's pleading as a civil rights complaint under 42 U.S.C. § 1983, as plaintiff advances, or a petition for *habeas*

*corpus* . Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. See *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994). A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody. See *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989)." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). The Fifth Circuit has adopted a simple, bright-line rule for determining how to categorize such *pro se* pleadings: If "a favorable determination ... would not automatically entitle [the prisoner] to accelerated release," *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (per curiam), *cert. denied*, 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996), the proper vehicle is a § 1983 suit. Based upon a review of the pleadings herein, the court determines that plaintiff has attempted to allege herein both a *habeas* claim and civil rights claims.

**1.    *Habeas Corpus* Claims**

*Habeas corpus* provides the exclusive federal remedy available to state prisoners challenging the fact or duration of their confinement and seeking speedier or immediate release. See *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); see also *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir.1998). To the extent that plaintiff seeks restoration of 15 days of good time credits forfeited by the ACC Disciplinary Board [Doc. 1-4, p. 15], he is challenging the duration of his confinement and seeking a speedier release from custody. Thus, he must bring this challenge in a petition for writ of *habeas corpus* after he has exhausted all available state court remedies. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.1987); *Rose v. Lundy*, 102 S.Ct. 1198 (1982); *Serio v. Members of Louisiana Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1989). *Picard v. Connor*, 92 S.Ct. 509 (1971). Accordingly, this claim

should be dismissed without prejudice so that he can file a petition for writ of *habeas corpus* raising this claim.

**2.     Civil Rights Claims**

Plaintiff is a prisoner currently incarcerated, and his civil action seeks redress from a governmental entity or officer or employee of a government entity, thus, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A.  Under this section, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). The same standards support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss such prisoner suits as frivolous based upon the complaint alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

(S.D.Tex.1996).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97. In the present case, the court concludes that plaintiff has pled the best case possible in regard to his civil rights claims, and that further amendment of his pleadings would serve no useful purpose. After review and consideration of plaintiff's claims, and in accordance with the following analysis, the undersigned recommends that plaintiff's civil rights claims be dismissed.

### A. Liberty Interest/Property Interest and Due Process

In order to hold any of the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. See *Hessbrook v. Lennon*, 777 F.2d 999, 1005 (5th Cir. 1985). As stated above, plaintiff contends that the defendants have deprived him of the ability to be considered for the LDOC work release program, thus implicating a violation of his right to Due Process.

Plaintiff has neither a liberty nor property interest in the work release program and therefore his due process claims are frivolous. La. R.S.15:1111, the statute establishing the work release program, provides in part, "The Department [of Corrections] shall establish rules for the

5

administration of the work release program and shall determine those inmates who may participate in the release program.  Any convict sentenced to imprisonment at hard labor shall be eligible at any time during his sentence to participate in the work release program".

In *Welch v. Thompson*, 20 F.3d 636 (5th Cir. 1994), the Fifth Circuit determined that La. R.S.15:1111 entrusts the actual operation of the work release program to the LDOC.  The court further determined that the statute does not dictate to the LDOC whom it must put on work release.  In short, the Fifth Circuit held that "La. R.S.15:1111 <u>does not create a liberty interest</u> subject to the Due Process Clause." *Welch v. Thompson*, 20 F.3d 636, 644 (5th Cir. 1994). Since the statute does not create a protected liberty interest for eligible prisoners, there can be no deprivation of a liberty interest protected by the due process clause of the Constitution, and therefore plaintiff cannot show that a constitutional right has been violated.

To the extent that plaintiff may also claim that he was deprived of a "property interest" as opposed to a liberty interest in violation of the due process clause, his argument lacks an arguable basis in law and fact.  In *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), the Supreme Court concluded that in order to have a property interest in a benefit, a person must have more than a "unilateral expectation" of it.  Rather, he must "have a legitimate claim of <u>entitlement</u> to it." *Id.* (emphasis supplied).   Thus, the "property interest" protected by the due process clause of the Fourteenth Amendment is defined by the concept of "entitlement," which in turn describes "the security of interests that a person has already acquired in specific benefits." *Id.* at 576, 92 S.Ct. at 2708.   In other words, a person's interest in a benefit is a property interest only "if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit..." *Evans v. City of Dallas*, 861 F.2d 846, 848 (5th Cir.

1988).  Plaintiff does not deny that his incarceration is lawful. Lawfully incarcerated persons retain only a narrow range of protected liberty interests. Broad discretionary authority is necessary because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974).  To hold that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts.  *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).  Plaintiff has neither a liberty nor property interest in his eligibility to participate a work release program. Thus, his claims in this regard are frivolous and dismissal on that basis is recommended.[2]

   **B.   Transfer**

To the extent that plaintiff seeks a transfer to another correctional facility, his claim must fail.  It is well established that prisoners do not have a constitutionally protected liberty interest in being held in any particular institution. See *Meachum v. Fano*, 96 S.Ct. 2532, 2538 (1976); *Olim v. Wakinekona*, 103 S.Ct. 1741 (1983); *Montanye v. Haymes*, 96 S.Ct. 2543 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984);  *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La.

---

[2] In addition, any claims that defendants have violated the provisions of La. R.S.15:1111, are nevertheless frivolous. Specifically, the law is clear: a violation of state law does not state a constitutional claim cognizable under 42 U.S.C. §1983. *Giovanni v. Lynn*, 48 F.3d 908, 912-13

2000).

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

**IT IS ALSO RECOMMENDED** that plaintiff's *habeas corpus* claims be **DISMISSED WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, September 7, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

9